UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHINING SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES; OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE; KATHERINE CHI TAI, U.S. TRADE REPRESENTATIVE; UNITED STATES CUSTOMS AND BORDER PROTECTION, and CHRIS MAGNUS, in his official capacity as Commissioner of United States Customs and Border Protection, <br><br> Defendants. | Court No. 22-00301 |

## COMPLAINT

1.      Plaintiff Shining Solutions, Inc. ("Shining"), by and through its attorneys, bring this action to challenge Presidential Proclamation 10101 of October 10, 2020, which imposed additional safeguard duties on crystalline silicon photovoltaic ("CSPV") cells and certain CSPV products pursuant to Section 201 of the Trade Act of 1974. *To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("Modification Proclamation").

2.      In January 2018, the President of the United States (hereafter "the President") imposed Section 201 safeguard tariffs on certain CSPV cells and solar products containing CSPV cells, and in June 2018 authorized the United States Trade Representative ("USTR") to grant exclusions from the tariffs. *Presidential Proclamation 9693*, 83 Fed. Reg. 3,541 (Jan. 23, 2018).

3. On June 13, 2019, the USTR granted an exclusion for bifacial solar modules. *Exclusion of Particular Products from the Solar Products Safeguard Measure*, 84 Fed. Reg. 27,684 (June 13, 2019).

4. Thereafter, the USTR published a notice in the Federal Register withdrawing the exclusion for bifacial solar panels, effective October 28, 2019. The withdrawal, which reinstated Section 201 duties on bifacial panels, was not subject to any formal notice and comment. *See Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure*, 84 Fed. Reg. 54,244 (USTR Oct. 9, 2019).

5. Invenergy Renewables, LLC ("Invenergy"), a purchaser of imported bifacial panels, instituted an action in this Court challenging the withdrawal of the bifacial panel exclusion by filing a summons, complaint, and motion for a temporary restraining order. *See Invenergy Renewables, LLC v. United States*, CIT Court No. 19-00192. The Solar Energies Industry Association ("SEIA") intervened in that action as a plaintiff-intervenor.

6. On November 7, 2019, this Court issued a temporary restraining order preventing the USTR's October 9, 2019 exclusion withdrawal from going into effect, and this Court extended the temporary restraining order by 14 days on November 21, 2019. This Court issued a preliminary injunction on December 5, 2019, prohibiting the withdrawal of the bifacial module exclusion "until entry of final judgment as to Plaintiffs' claims against Defendants in this case." *Invenergy Renewables LLC v. United States*, 422 F. Supp. 3d 1255, 1295 (CIT 2019).

7. Following entry of the preliminary injunction, the USTR published a notice in the Federal Register establishing a procedure to consider the withdrawal of the bifacial module exclusion and inviting comments. *See Procedures To Consider Retention or Withdrawal of the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products*, 85 Fed. Reg.

4,756 (USTR Jan. 27, 2020).

8.  On April 17, 2020, the USTR published a determination in the Federal Register again stating that the bifacial module exclusion should be completely withdrawn. *Determination on the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products*, 85 Fed. Reg. 21,497 (USTR Apr. 17, 2020) (the "April USTR Notice").

9.  The April USTR Notice explained that "the U.S. Trade Representative will request that the U.S. Court of International Trade lift the order preliminarily enjoining the withdrawal from entering into effect." *Id.* at 21,497. The Government moved twice to lift the preliminary injunction, first on April 16, 2020 and later on June 12, 2020, but this Court denied both motions. *See Invenergy Renewables LLC v. United States*, 450 F. Supp. 3d 1347, 1363-64 (2020), *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323 (CIT 2020).

10.  While the USTR's attempt to withdraw the bifacial module exclusion remained enjoined, the President issued the Modification Proclamation, which again sought to withdraw the bifacial exclusion. *To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020).

11.  The plaintiffs in the *Invenergy* litigation filed motions in Court No. 19-00192 to supplement their complaints to include challenges to the Modification Proclamation and to modify the existing orders enjoining the USTR's withdrawals to cover the Modification Proclamation.

12.  This Court issued a temporary restraining order on October 24, 2020, barring the Government from enforcing the Modification Proclamation. *Invenergy Renewables LLC v. United States*, 482 F. Supp. 3d 1344, 1351 (CIT 2020).

13. In an opinion issued on November 19, 2020, this Court denied the motions to supplement the complaints and concluded that any further recourse regarding the Modification Proclamation should be sought through a separate action. *Id.* at 1357. This Court also lifted the temporary restraining order and denied the motion to modify the preliminary injunction. *Id.*

14. CBP subsequently issued a bulletin advising that "CBP will begin enforcing the revocation of the [bifacial module exclusion] on merchandise entered or withdrawn from warehouse for consumption on or after 12:01 a.m. October 25, 2020." U.S. Customs and Border Protection Cargo Systems Messaging Service Message No. 45000915 (Nov. 27, 2020).

15. On December 29, 2020, SEIA, Invenergy, EDF Renewables, Inc. and NextEra Energy, Inc. instituted a separate court action specifically to challenge the legality of the Modification Proclamation. *See Solar Industries Ass'n v. United States*, Court No. 20-03941 (CIT).

16. On November 16, 2021, this Court granted summary judgment in favor of the plaintiffs and set aside the Modification Proclamation as unlawful. *Invenergy Renewables LLC v. United States*, 552 F. Supp. 3d 1382 (CIT 2021). The defendants appealed that decision to the U.S. Court of Appeals for the Federal Circuit Court on January 14, 2022. *See Solar Energy Industries Ass'n. v. United States*, Fed. Cir. Court No. 2022-1392. This appeal is currently pending.

17. On November 16, 2021, in *Solar Energy Industries Ass'n v. United States*, 553 F. Supp. 3d 1322 (CIT 2021) ("*SEIA*"), *appeal docketed*, No. 22-1392 (Fed. Cir. Jan. 24, 2022), this Court considered analogous arguments and allegations to those made in this Complaint.

18. There, the plaintiffs argued that the Modification Proclamation fails to comply substantively with Section 204(b)(1)(B) of the Trade Act of 1974.

4

19. In relevant part, this Court concluded that, "[b]ecause Section 204(b)(1)(B) permits only trade-liberalizing modification to existing safeguard measures, the court concludes that Proclamation 10101's withdrawal of the exclusion of bifacial solar panels …constituted both a clear misconstruction [of] the statute and action outside the President's delegated authority." *Id.* at 1343.

20. This Court enjoined enforcement of the Modification Proclamation and further ordered the government to refund all of the plaintiffs' safeguard duties collected pursuant to the Modification Proclamation, with interest. *Id.* at 1343-44.

21. The *SEIA* holding consequently reinstated the exclusion of bifacial solar panels from the Section 201 safeguard tariff. *See generally* 85 Fed. Reg. 65,639; U.S. Customs and Border Protection, *CSMS #50525157 – Guidance: Suspension of Liquidation in Pending Section 201 Litigation*, CIT No. 20-03941, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/302f3e5 (Dec. 28, 2021).

22. On December 28, 2021, U.S. Customs and Border Protection ("CBP") issued guidance on this Court's decision in *SEIA*. *See CSMS #50525157 – Guidance: Suspension of Liquidation in Pending Section 201 Litigation*. As ordered by this Court, CBP suspended liquidation where it identified "any entries of bifacial solar panels entered between October 25, 2020 and February 6, 2022, under HTS 9903.45.25 or any other HTS classification." *Id.*

23. Due to the Defendants' Modification Proclamation, Plaintiff suffered significant financial losses. Between October 25, 2020 and February 6, 2022, Plaintiff paid hundreds of thousands of dollars in customs duties on bifacial solar panels that should have been excluded from the Section 201 tariff.

24. Plaintiff seeks an order refunding, with interest, all Section 201 duties paid on

bifacial panels pursuant to the Modification Proclamation.

## THE PARTIES

25. Plaintiff Shining Solutions, Inc. ("Shining") is the importer of record ("IOR") for certain CSPV bi-facial solar panels that were produced in Vietnam and imported into the United States.

26. Defendant United States is the federal government of the United States of America.

27. Defendant Office of the USTR is an executive agency of the United States Government and a component of the Executive Office of the President. It is headquartered at 600 17th Street, NW, Washington, DC 20508.

28. Defendant Ambassador Katherine Tai currently holds the position of USTR and serves as the director of the Office of the USTR. She is sued in her official capacity.

29. Defendant United States Customs and Border Protection is an executive agency of the U.S. Government and a component of the Department of Homeland Security. It is headquartered at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229.

30. Defendant Chris Magnus is currently the Commissioner of CBP. He is sued in his official capacity.

## JURISDICTION

31. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B)-(D).

32. The additional tariff imposed on CSPV modules, including those ordered to be re-imposed on bifacial solar modules, were imposed pursuant to Section 201 of the Trade Act of 1974. Chapter 1 of title II of the Trade Act of 1974, which includes Section 201, is a law

"providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" and "quantitative restrictions on the importation of merchandise for reasons other than the protection of the publichealth or safety." This action thus arises out of a law described in 28 U.S.C. § 1581(i)(1)(B) and (C).

33. Plaintiff seeks a refund of duties paid pursuant to the Modification Proclamation, with interest. Plaintiff's claim thus also arises out of the "administration and enforcement with respect to matters referred to in subparagraphs (A) through (C)" of 28 U.S.C. § 1581(i)(1), and this Court therefore has jurisdiction under 28 U.S.C. § 1581(i)(1)(D) as well.

## **STANDING**

34. Plaintiff has standing pursuant to 28 U.S.C. § 2631(i), which states that "[a]ny civil action of which the Court of International Trade has jurisdiction, other than an action specified in subsections (a)-(h) of this section, may be commenced in the Court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5," which in turn states that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

35. Plaintiff is adversely affected or aggrieved by the increase in safeguard duties stemming from the Modification Proclamation because Plaintiff paid the unlawfully imposed duties on bifacial solar modules.

## **TIMELINESS OF THIS ACTION**

36. An action under 28 U.S.C. § 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

37. The duties imposed by the Modification Proclamation were effective as of October 25, 2020. Plaintiff's claims accrued, at the earliest, on the date it imported bifacial solar modules subject to the unlawfully imposed duties. Plaintiff has therefore timely filed this action.

## STATEMENT OF CLAIMS

38. In the following respects, the President's Modification Proclamation and its implementation are not in accordance with law.

### COUNT ONE
### (DECLARATORY JUDGMENT –
### VIOLATION OF SECTION 204 OF THE TRADE ACT)

39. Paragraphs 1 through 38 of this Complaint are hereby incorporated by reference.

40. A presidential action may be set aside if the President's action involves "a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1346 (Fed. Cir. 2018); *Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985); *Motion Systems Corp. v. Bush*, 437 F.3d 1356, 1361 (Fed. Cir. 2006) (*en banc*) (stating that courts may consider whether the President has violated an explicit statutory mandate). The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

41. In modifying the CSPV safeguard measure, the President invoked Section 204(b)(1)(B), 19 U.S.C. § 2254(b)(1)(B). That section provides in relevant part that:

> Action taken under section 2253 of this title [Section 203 of the Trade Act] maybe reduced, modified, or terminated by the President if the President . . .

determines, after a majority of the representatives of the domestic industry submits to the President a petition requesting such reduction, modification, or termination on such basis, that the domestic industry has made a positive adjustment to import competition.

42. Both changes to the CSPV safeguard measure proclaimed in the Modification Proclamation – the withdrawal of the bifacial module exclusion and the increase in the duty rate in year four of the measure – placed further restrictions on trade. The changes to the CSPV safeguard measure were therefore made in violation of the substantive limitations of Section 204 of the Trade Act governing modifications of safeguard actions and must be set aside as action involving "a clear misconstruction of the governing statute . . . or action outside delegated authority." *Silfab*, 892 F.3d at 1346.

43. Section 204(b) of the Trade Act of 1974, 19 U.S.C. § 2254(b), also sets procedural requirements that must be followed and requires certain findings to be made by the President before a safeguard action can be modified. But those prerequisites to Presidential action regarding the petition were not satisfied.

44. Among other things, the President failed to make the finding that is required in order to act under Section 204(b)(1)(B) – that "the domestic industry *has made* a positive adjustment to import competition." 19 U.S.C. § 2254(b)(1)(B) (emphasis added). Section 201(b)(1) provides that "a positive adjustment to import competition occurs when (A) the domestic industry (i) is able to compete successfully with imports after actions taken under section 2254 of this title terminate, or (ii) the domestic industry experiences an orderly transfer of resources to other productive pursuits; and (B) dislocated workers in the industry experience an orderly transition to productive pursuits." 19 U.S.C. § 2251(b)(1). The President found only that the domestic industry "*has begun to make* positive adjustments to import competition," Modification Proclamation, 85 Fed. Reg. at 65,640 (emphasis added), which is not a finding

9

that the industry "has made" the adjustment required for action under Section 204(b)(1)(B).

45.     Moreover, the President failed to show that "a majority of the representatives of the domestic industry" submitted "a petition requesting such reduction, modification, or termination on such basis." The President did not identify the representatives of the domestic industry that he claimed had petitioned for a modification, and the government has not published the claimed petition or otherwise made it available for review. Upon information and belief, no petition meeting the criteria of Section 204(b)(1)(B) was submitted to the President prior to his issuance of the Modification Proclamation.

46.     The changes to the CSPV safeguard measure proclaimed in the Modification Proclamation – the change in the duty rate in year four of the measure and the withdrawal of the bifacial module exclusion – were therefore made in violation of the procedural requirements of Section 204 of the Trade Act governing modifications of safeguard actions. The Modification Proclamation must therefore be set aside as action involving "a clear misconstruction of the governing statute [or] a significant procedural violation." *Silfab*, 892 F.3d at 1346.

## COUNT TWO
### (DECLARATORY JUDGMENT – VIOLATION OF SECTION 203 OF THE TRADE ACT)

47.     Paragraphs 1 through 46 of this Complaint are hereby incorporated by reference.

48.     Section 203(e)(7) of the Trade Act of 1974, 19 U.S.C. § 2253(e)(7), does not permit a safeguard measure to be re-imposed on an article for a period of two years after the prior measure terminated.

49.     The prior action terminated with respect to bifacial CSPV panels in June 2019, when the exclusion for bifacial CSPV panels was granted. Accordingly, "no new action may be taken" to re-impose a safeguard measure on those panels until June 2021 at the earliest.

50. The withdrawal of the exclusion for bifacial CSPV modules in October 2020 results in the imposition of safeguard duties on those modules less than two years after a safeguard measure was terminated with respect to those modules, in violation of Section 203(e)(7) of the Trade Act.

51. Accordingly, the Modification Proclamation's withdrawal of the exclusion must be set aside as action involving "a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *Silfab*, 892 F.3d at 1346.

## COUNT THREE
## (DECLARATORY JUDGMENT –
## VIOLATION OF SECTION 201 OF THETRADE ACT)

52. Paragraphs 1 through 51 of this Complaint are hereby incorporated by reference.

53. Section 201(a) of the Trade Act of 1974 provides that "the President, in accordance with this part, shall take all appropriate and feasible action within his power which the President determines will facilitate efforts by the domestic industry to make a positive adjustment to import competition and provide greater economic and social benefits than costs." 19 U.S.C. § 2251(a). Section 201 does not exclude action taken in accordance with Section 204 from the requirement that the action "provide greater economic and social benefits than costs."

54. In issuing the Modification Proclamation, the President failed to consider and did not make any determination regarding the relative economic and social benefits and costs beforemodifying the safeguard measure.

55. The President therefore failed to comply with the procedural and substantive requirements of the statute, and the Modification Proclamation must be set aside as an action involving "a clear misconstruction of the governing statute, a significant procedural violation,

oraction outside delegated authority." *Silfab*, 892 F.3d at 1346.

## COUNT FOUR
### (REQUEST FOR REFUNDS OF UNLAWFULLY PAID SECTION 201 DUTIES)

56.     Paragraphs 1 through 55 of this Complaint are hereby incorporated by reference.

57.     Plaintiff requests that Defendants provide monetary compensation to remedy the violations of the Trade Act identified herein. Specifically, Plaintiff requests refunds of all 201 safeguard duties that were unlawfully collected on the CPSV products for which they served as IOR, with interest as provided by law.

## **DEMAND FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Issue a declaratory judgment that the Modification Proclamation is unlawful and therefore null and void;

2.      Order that any increased Section 201 safeguard duties collected directly from Plaintiff pursuant to the Modification Proclamation be refunded, with interest; and

3.      Provide such further relief as this Court deems just and proper.

    Respectfully submitted,

    /s/ Erik D. Smithweiss
    Erik Smithweiss

    **GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT LLP**
    707 Wilshire Blvd.
    Los Angeles, CA 90017
    213-624-1970

    *Counsel to Plaintiff Shining Solutions, Inc.*

Dated: October 12, 2022

## CERTIFICATE OF SERVICE

Pursuant to USCIT R. 4(b) and (h), I hereby certify that on October 12, 2022, I caused copies of Plaintiffs' Summons and Complaint to be served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice 1
100 L Street, NW Washington, DC 20530

General Counsel Greta Peisch
Office of the General Counsel
Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20006

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
26 Federal Plaza
New York, NY 10278

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

/s/ Erik D. Smithweiss
Erik D. Smithweiss